OHIO AND MISSISSIPPI RAILROAD COMPANY *vs.* WHEELER.

1. A corporation exists only in contemplation of law, and by force of law, and can have no legal existence beyond the bounds of the sovereignty by which it is created. It must dwell in the place of its creation.

2. A corporation is not a citizen within the meaning of the Constitution of the United States, and cannot maintain a suit in a court of the United States against the citizen of a different State from that by which it was chartered, unless the persons who compose the corporate body are all citizens of that State.

3. In such case they may sue by their corporate name, averring the citizenship of all the members, and such a suit would be regarded as the joint suit of individual persons, united together in the corporate body and acting under the name conferred upon them for the more convenient transaction of business, and consequently entitled to maintain a suit in the courts of the United States against a citizen of another State.

4. Where a corporation is created by the laws of a State, the legal presumption is, that its members are citizens of the State in which alone the corporate body has a legal existence.

5. A suit by or against a corporation, in its corporate name, must be presumed to be a suit by or against citizens of the State which created the corporate body; and no averment or evidence to the contrary is admissible for the purpose of withdrawing the suit from the jurisdiction of a court of the United States.

6. A corporation endued with the capacities and faculties it possesses by the co-operating legislation of two States, cannot have one and the same legal being in both States. Neither State could confer on it a corporate existence in the other, nor add to or diminish the powers to be there exercised.

7. The two corporations deriving their powers from distinct sovereignties, and exercising them within distinct limits, cannot unite as plaintiffs in a suit in a court of the United States against a citizen of either of the States which chartered them.

On a certificate of division of opinion between the judges of the Circuit Court of the United States for the district of Indiana.

This was assumpsit brought in the Circuit Court of the United States for the district of Indiana, against Wheeler, a

citizen of that State, to recover the amount due on his subscription to the stock of the Ohio and Mississippi Railroad Company.   The declaration described the plaintiffs as "The President and Directors of the Ohio and Mississippi Railroad Company, a corporation created by the laws of the States of Indiana and Ohio, and having its principal place of business in Cincinnati, in the State of Ohio, a citizen of the State of Ohio."

The defendant pleaded to the jurisdiction as follows:

"And the said Henry D. Wheeler, in his own proper person, comes and defends, &c., and says that this court ought not to have or take further cognizance of the action aforesaid; because, he says, that at the time of the commencement of this suit, and ever since, he was and has been a citizen of the State of Indiana, and is now such citizen; that the plaintiff, before and at the time of the commencement of this action, was, and ever since has been, and now is, a citizen of the same State of Indiana, in this, to wit: that then, and during all that time, and now, the plaintiff was, has been, and is a body politic and corporate, created, organized, and existing in the same State, under and by virtue of an act of the General Assembly of the State of Indiana, entitled 'An act to incorporate the Ohio and Mississippi Railroad Company,' approved February 14th, 1848, and an act of said General Assembly, entitled 'An act to amend an act to incorporate the Ohio and Mississippi Railroad Company,' approved January 15th, 1849; and that under and by virtue of said acts, the railroad therein mentioned, so far as the same was by said acts contemplated to be situate in the State of Indiana, was long before the commencement of this suit, to wit, on the first day of January, 1856, built and completed, and has been ever since that time, and now is, used and operated in said district by the plaintiff.   And this the said defendant is ready to verify.   Wherefore he prays judgment, whether this court can or will take further cognizance of the action aforesaid."

This plea was sworn to.   The plaintiff filed a general demurrer; and the defendant joined in demurrer.

"And thereupon the judges of the court were opposed in

opinion on the following question presented by the said pleadings: Has this court, on the facts presented by said pleadings, jurisdiction of this case?"

This was, of course, the only question before the Supreme Court.

*Mr. Vinton,* of Washington city, for plaintiff. The defendant's plea to the jurisdiction of the court does not deny the averment in the declaration, that the company was created a corporation by the laws of Ohio as well as of Indiana; nor does it deny the averment, that it has its principal place of business in Cincinnati, Ohio, and that it is a citizen of Ohio, and that the subscription was made payable at the office of the company in Cincinnati; but the plea, in substance, alleges that, because that part of the road which passes through Indiana was constructed under and by virtue of the laws of Indiana, and ever since its completion the same has been, and still is, used and operated by said company in said State, under the charter of that State, that, therefore, the company is a citizen of the State of Indiana, and, as such, cannot sue the defendant in that State in the Circuit Court of the United States.

There are, as is well known, in the United States a considerable number of important railroads, which, like the one now in question, run through two or more, or parts of two or more States, by virtue and under the authority of the laws of those States.

If such corporations have a right to sue at all in the courts of the United States, it must be because they are, in contemplation of law, citizens of some one or of all such States. It would be claiming very much for these corporations to insist that they can sue or be sued as a citizen of each of these States. The right of such a corporation to sue as a citizen of a State must, without doubt, be limited to some one of the States through which the road passes.

And this gives rise to the question: What, in such case, is the criterion by which the citizenship of such a corporation shall be determined?

It will be difficult to fix upon any other criterion in such

case except the locality of its principal place of business. The place where it has its principal business office; where its stockholders hold their meetings; where the board of directors have their sessions; where the records of the company are kept; and where the governing power acts and issues its orders—there, if any where, is the *habitat*, the residence, the citizenship of such a corporation.

This proposition would seem to be fairly inferable from the doctrine laid down by this court in the cases of *Covington Drawbridge Company* vs. *Shepherd et al.*, (20 How., 231;) *Louisville, Cincinnati & Charleston Railroad Company* vs. *Letson*, (2 How., 497;) and *Marshall* vs. *The Baltimore & Ohio Railroad Company*, (16 How., 325.)

Upon the strength of these decisions we claim, that as it is admitted by the pleadings in this case that the plaintiff is a corporation, created such by the laws of Ohio, and has its principal place of business at Cincinnati, in that State, the defendant is estopped by that admission from denying that the corporation is a citizen of Ohio, and that this estoppel is founded upon a principle of public convenience.

The case of *Marshall* vs. *The Baltimore & Ohio Railroad Company* seems to be precisely in point. There, Marshall, a citizen of Virginia, sued the Baltimore & Ohio Railroad Company in the Circuit Court of the United States for the district of Maryland. The Baltimore and Ohio road runs through parts of the States of Maryland and Virginia, and, like the present case, that company has its principal business office in one of those States, to wit, at Baltimore, in Maryland, and it uses and operates that part of the road which lies in Virginia precisely as the Ohio & Mississippi Railroad Company uses and operates that part of its road which is in Indiana. And by looking into the laws of Virginia it will be seen that the grant to that company by that State is not merely a grant of a right of way, but is a grant of corporate powers, and that the company is made subject to all the provisions of the general railroad laws of Virginia, so far as the same are properly applicable to that road. Among these laws of Virginia are the act passed March 8th, 1827, sess. acts of 1826–7, p. 77; March 11th, 1837, sess. acts

of 1836–7, p. 101; and March 6th, 1847, sess. acts of 1846–7, p. 86. (See 6th sec. of this act.)

In the early decisions of this court, a strict construction was given to that clause of the Constitution which confers jurisdiction upon the courts of the United States, by reason of the citizenship of the parties; but the late cases, and especially those named above, have proceeded upon the ground, that this clause was intended to grant a beneficial privilege to the citizens of the United States, and ought, therefore, to be liberally construed.

*Mr. Porter*, of Indiana, for defendant. The averment that the plaintiff is "a corporation created by the laws of the States of Indiana and Ohio," is repugnant as amounting to the allegation of a legal impossibility. As between two States there can be no joint legislation creating one and the same corporation—or, indeed, in passing any law. Each State in its legislation must act independently and separately; and its enactments are only binding within its own jurisdiction. If two States pass a similar law on the same subject, the two are not one joint law, such as would create a corporation. They might, indeed, perhaps create two distinct corporations having the same name and like powers; but they could not make the two to be the same artificial person. Nor could the States by subsequent acts unite the two corporations so as to give them one identity. Such appears to have been the doctrine of Mr. Justice Story, in *Furnum* vs. *The Blackstone Canal Co.*, (1 Sumn., 47.)

The declaration says that the plaintiff was created by the laws of Indiana and Ohio, and yet claims that it is an Ohio corporation. Could the Indiana Legislature contribute anything towards the creation of a corporation "dwelling" in Ohio?

If such action concerning a corporation should be had by two States, can it be said that the corporation was created by both the States? Rather, should we not say that the State whose law first took effect created the corporation; and that the other State had, at most, recognised its existence, not created it?

But as no joint legislation of two States can create one iden-tical corporation, this corporation, if created at all, must, within the constitutional sense, have its citizenship, as well as its cre-ation, in one of these States only; and the declaration leaves it uncertain of which State. We contend that by a public statute of Indiana, as we will hereafter more fully show, In-diana alone created it, and Indiana alone is its dwelling-place. It cannot be contended that the plaintiff is a citizen both of Indiana and Ohio for the purposes of jurisdiction. No natu-ral person can be a citizen of more than one place at the same time. "The supposition that a man can have two domicils would lead to the absurdest consequences." *Abington* vs. *North Bridgewater*, (23 Pick., 170, 177;) Story on the Conflict of Laws, sec. 45, *a*. Now, shall we go so far as to give an arti-ficial person, for the purposes of jurisdiction, a privilege which no natural person in the United States can have? If, as the declaration avers, this corporation was created at all by the laws of Indiana, it is, for the purposes of jurisdiction, a citizen of Indiana, as much as if no other State had legislated concerning it; and it therefore cannot sue a citizen of Indiana in the Federal courts of that State. If the ground assumed in the declaration be tenable, the plaintiff might also sue in the Federal courts in Ohio, and aver that it was created by the laws of Ohio and Indiana.

We have said that the averment, "the principal place of business of the plaintiff is in Ohio," cannot save the jurisdic-tion, and is mere surplusage. That it may help the jurisdiction seems to be hinted in the case of the *Lafayette Insurance Co.* vs. *French*, (18 How., 404.) We submit, however, that the hint is but an *obiter dictum*. But be this as it may, the con-trary has been often ruled in this court. Thus in *Marshall* vs. *The Baltimore & Ohio Railroad Co.*, (16 How., 325,) the averment was that the company was a " body corporate, by an act of the General Assembly of Maryland;" and it was held sufficient. And in *The Covington Drawbridge Co.* vs. *Shepherd*, (20 How., 227,) the same doctrine is held. So, in *The Philadelphia, Wil-mington & Baltimore R. R. Co.* vs. *Quigley*, (21 How., 202,) it was held, that to aver the company to be "a body corporate in the

State of Maryland, by a law of the General Assembly of Maryland," was sufficient. So in *Covington Drawbridge Co.* vs. *Shepherd,* (21 How., 113,) the averment that the defendant "is a corporation and citizen of Indiana," was held good. These cases, in 20 and 21 How., must be considered as overruling the dictum above referred to in 18 How., and as settling the rule that the averment of the place of business is unnecessary, and therefore surplusage.

Nor can the averment that the plaintiff is " a citizen of the State of Ohio," help the declaration. This averment, says Mr. Justice Curtis, " can have no sensible meaning attached to it. (18 How., 405.)

We conclude, therefore, that the declaration is on its face bad, as not showing the jurisdiction; and that for this cause, whatever may be thought of our plea, the point in question should be decided in our favor.

Even though this court, on a demurrer to the plea to the jurisdiction, will not look into the declaration, still the decision must be for the defendant, because the plea on its face is good as showing that, so far as concerns jurisdiction, both the plaintiff and defendant are citizens of Indiana.

This plea says that this corporation was created by an act of the Legislature of Indiana, of February 14, 1848. That act is found in the Special Laws of Indiana of 1848, p. 619. By the first section of that act it is provided that it "shall take effect and be in force from and after its passage, and shall be taken to be a public act, and construed liberally for the objects therein set forth, and the regular organization of the corporation under the same shall be presumed and considered as proven in all courts of justice."

From this section of the plaintiff's charter the following conclusions seem inevitable:

*First* That this act is a public act, of which all courts must, *ex officio,* take notice. Bac. Ab. Tit. Statutes, F; 5 Blackf. R., 170.

*Second.* That the corporation in question was created by this statute on the 14th day of February, 1848, and thereby became from that time an Indiana corporation.

*Third.*. That the "regular organization of the corporation," under said Indiana charter, must, *ex officio*, "be presumed and considered as proven" in this court. This court has, in a much weaker case, *ex officio*, taken notice of an Indiana charter, merely because the Indiana constitution makes all the statutes of that State public acts. *Covington Drawbridge Company* vs. *Shepherd,* (20 How., 231.) Indeed, it seems that since the court must officially note this fact, it is probable that in raising our objection to the jurisdiction, no plea at all was necessary; in other words, perhaps on the very face of the declaration the court is bound officially to take notice that this is an Indiana corporation, and that therefore the declaration is bad, as not showing jurisdiction; and so this court has expressly decided in *Covington, &c., Co.* vs. *Shepherd,* (20 How., 227, 231.)

We believe that it is not pretended by the plaintiff that any act of Ohio referring specially to this corporation was ever passed till after said Indiana act took effect. We suppose, indeed, that all the acts of Ohio concerning this corporation were private acts, and that, not being pleaded, they cannot be noticed by this court. It seems that acts creating private corporations, as this is, are private statutes, unless the Legislature makes them public. 5 Blackf., 78; Gould's Pl., 56.

But even if the court will officially notice the Ohio statutes recognising this corporation, it cannot aid the jurisdiction; for it is clear that, these statutes having all been passed after the Indiana charter took effect, they did not create the corporation.

We shall here notice all the Ohio acts of which we have any knowledge which have recognised the plaintiff as a corporation.

The first of these Ohio acts is that of March 15, 1849. Certainly it creates no corporation, but merely recognises the existence of the plaintiff as a corporation created in the State of Indiana. It only says that "the Legislature of Indiana, on the 14th day of February, 1848, passed an act incorporating the Ohio and Mississippi Railroad Company," and "that the corporate powers granted to said company by the act of Indiana incorporating the same be recognised." Here is evidence in the Ohio law itself that this is an Indiana corporation.

The only other Ohio act on the subject which we have found is an act passed January 24, 1851. It authorizes an extension of the road, by the corporation already existing, to the city of Cincinnati. It is true that the third section of this act undertakes to declare that the intention of the first section of the act of March 15, 1849, "was to recognise, confirm, and adopt the charter of the said Ohio and Mississippi Railroad Company as enacted by the Legislature of the State of Indiana." But so far as the present controversy is concerned, there are two objections to this declaratory act:

*First.* The Ohio Legislature has no power to pass a declaratory act. To declare "the intention" of a prior law is a judicial act; and the judicial power of Ohio has always, by her constitution, been vested in her courts. Her General Assembly has only legislative power; it may make laws, but cannot afterwards construe them. "It seems to be settled, as the sense of the courts of justice in this country, that the Legislature cannot pass any declaratory law." 1 Kent's Com., 456, note *b*, and authorities there cited.

*Second.* This Ohio act does not pretend to create a corporation. It only "recognises, confirms, and adopts the charter of said company as enacted by the Legislature of the State of Indiana." But the point is not, where has the corporation been recognised, but where was it created? It has never been pretended that, touching the question of the jurisdiction of the Federal courts, a corporation is a citizen of any State except that which created it. Indeed, this court has said, in the case of the *Bank of Augusta* vs. *Earle*, that a corporation "must dwell in the place of its creation, and cannot migrate to another sovereignty." 13 Pet., 588. And in *Runyan* vs. *Lessee of Coster* this court again said: "A corporation can have no legal existence out of the sovereignty by which it was created." 14 Pet., 129.

No matter what is stated in the pleadings, the court must judicially take notice that by the last section of the plaintiff's Indiana charter, the plaintiff is an Indiana corporation, and, therefore, cannot sue a citizen of that State in the Federal courts thereof.

Mr. Chief Justice TANEY. This action was brought in the Circuit Court of the United States for the district of Indiana, to recover $2,400, with ten per cent. damages, which the plaintiffs alleged to be due for fifty shares of the capital stock of the company, subscribed by the defendant.

The declaration state that the plaintiffs are "a corporation, created by the laws of the States of Indiana and Ohio, having its principal place of business in Cincinnati, in the State of Ohio; that the corporation is a citizen of the State of Ohio, and Henry D. Wheeler, the defendant, is a citizen of the State of Indiana."

The defendant pleaded to the jurisdiction of the court, averring that he was a citizen of the State of Indiana, and that the plaintiffs were a body politic and corporate, created, organized, and existing in the same State, under and by virtue of an act of Assembly of the State.

The plaintiffs demurred to this plea; and the judges being opposed in opinion upon the question whether their court had jurisdiction, ordered their division of opinion to be certified to this court.

A brief reference to cases heretofore decided will show how the question must be answered. And, as the subject was fully considered and discussed in the cases to which we are about to refer, it is unnecessary to state here the principles and rules of law which have heretofore governed the decisions of the court, and must decide the question now before us.

In the case of the *Bank of Augusta* vs. *Earle*, (13 Pet., 512,) the court held, that the artificial person or legal entity known to the common law as a corporation can have no legal existence out of the bounds of the sovereignty by which it is created; that it exists only in contemplation of law, and by force of law; and where that law ceases to operate, the corporation can have no existence. It must dwell in the place of its creation.

It had been decided, in the case of The *Bank* vs. *Deviary*, (5 Cr., 61,) long before the case of the *Bank of Augusta* vs. *Earle* came before the court, that a corporation is not a citizen, within the meaning of the Constitution of the United States, and

cannot maintain a suit in a court of the United States against the citizen of a different State from that by which it was chartered, unless the persons who compose the corporate body are all citizens of that State. But, if that be the case, they may sue by their corporate name, averring the citizenship of all of the members; and such a suit would be regarded as the joint suit of the individual persons, united together in the corporate body, and acting under the name conferred upon them, for the more convenient transaction of business, and consequently entitled to maintain a suit in the courts of the United States against a citizen of another State.

This question, as to the character of a corporation, and the jurisdiction of the courts of the United States, in cases wherein they were sued, or brought suit in their corporate name, was again brought before the court in the case of *The Louisville, Cincinnati and Charleston Railroad Company* vs. *Letson*, reported in 2 How., 497; and the court in that case, upon full consideration, decided, that where a corporation is created by the laws of a State, the legal presumption is, that its members are citizens of the State in which alone the corporate body has a legal existence; and that a suit by or against a corporation, in its corporate name, must be presumed to be a suit by or against citizens of the State which created the corporate body; and that no averment or evidence to the contrary is admissible, for the purposes of withdrawing the suit from the jurisdiction of a court of the United States.

The question, however, was felt by this court to be one of great difficulty and delicacy; and it was again argued and maturely considered in the case of *Marshall* vs. *The Baltimore and Ohio Railroad Company*, (16 How., 314,) as will appear by the report, and the decision in the case of *The Louisville, Cincinnati and Charleston Railroad Company* vs. *Letson* reaffirmed.

And again, in the case of *The Covington Drawbridge Company* vs. *Shepherd and others*, (20 How., 232,) the same question of jurisdiction was presented; and the rule laid down in the two last-mentioned cases fully maintained. After these successive decisions, the law upon this subject must be regarded as settled; and a suit by or against a corporation in its corporate

*Ohio & Mississippi Railroad Co. vs. Wheeler.*

name, as a suit by or against citizens of the State which created it.

It follows from these decisions, that this suit in the corporate name is, in contemplation of law, the suit of the individual persons who compose it, and must, therefore, be regarded and treated as a suit in which citizens of Ohio and Indiana are joined as plaintiffs in an action against a citizen of the last-mentioned State. Such an action cannot be maintained in a court of the United States, where jurisdiction of the case depends altogether on the citizenship of the parties. And, in such a suit, it can make no difference whether the plaintiffs sue in their own proper names, or by the corporate name and style by which they are described.

The averments in the declaration would seem to imply that the plaintiffs claim to have been created a corporate body, and to have been endued with the capacities and faculties it possesses by the co-operating legislation of the two States, and to be one and the same legal being in both States.

If this were the case, it would not affect the question of jurisdiction in this suit. But such a corporation can have no legal existence upon the principles of the common law, or under the decision of this court in the case of the *Bank of Augusta* vs. *Earle*, before referred to.

It is true, that a corporation by the name and style of the plaintiffs appears to have been chartered by the States of Indiana and Ohio, clothed with the same capacities and powers, and intended to accomplish the same objects, and it is spoken of in the laws of the States as one corporate body, exercising the same powers and fulfilling the same duties in both States. Yet it has no legal existence in either State, except by the law of the State. And neither State could confer on it a corporate existence in the other, nor add to or diminish the powers to be there exercised. It may, indeed, be composed of and represent, under the corporate name, the same natural persons. But the legal entity or person, which exists by force of law, can have no existence beyond the limits of the State or sovereignty which brings it into life and endues it with its faculties and powers. The President and Directors

of the Ohio and Mississippi Railroad Company is, therefore, a distinct and separate corporate body in Indiana from the corporate body of the same name in Ohio, and they cannot be joined in a suit as one and the same plaintiff, nor maintain a suit in that character against a citizen of Ohio or Indiana in a Circuit Court of the United States.

These questions, however, have been so fully examined in the cases above referred to, that further discussion can hardly be necessary in deciding the case before us. And we shall certify to the Circuit Court, that it has no jurisdiction of the case on the facts presented by the pleadings.