Treadway and .wife v. The Chicago and Northwestern Railway Co.

## TREADWAY AND WIFE v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. **Corporation:** JURISDICTION: FOREIGN CORPORATION. The defendant was
a corporation organized under the laws of the State of Illinois, and
doing business in the State of Iowa, in operating a railroad, as the
lessees of a domestic corporation. It appeared and filed its petition for
a removal of the cause from the District Court of the State to the
Circuit Court of the United States, under section 12 of the Judiciary
Act of 1789. *Held:*

1. That for all jurisdictional purposes, as respects the federal courts,
the defendant should be regarded as a citizen of the State of Illinois.

2. That doing business in this State under the sanction of its laws, it is
liable here; but it has not by any State legislation (if such legisla-
tion is competent) been deprived of the right to be regarded as a
citizen of Illinois, so far as concerns its right to elect, in cases speci-
fied in the judiciary act, to proceed or be proceeded against in the
courts of the United States.

*Appeal from Linn District Court*

FRIDAY, DECEMBER 7.

REMOVAL OF CAUSES FROM STATE COURTS TO FEDERAL COURTS.—This action was brought by the plaintiff in the District Court of Linn county, in this State. The *plaintiffs* are husband and wife, who join to recover for an injury to the wife caused, as alleged, by the defendant's negligence. The defendant's *character* is thus described in the original petition: " The plaintiffs claim of the defendants, the Chicago and Northwestern Railway company, a corporation under and by virtue of the laws of the State of Illinois, and doing business in the State of Iowa, as lessees of the Cedar Rapids and Missouri River Railroad company, the sum of ten thousand dollars." And it is further stated in the petition, that at the time of the injury sued for, " the defendants as lessees of the Cedar Rapids and Missouri River railroad, a corporation under the laws of this State, were operating a line of railroad in the State of Iowa, for the conveyance of passengers for hire from Cedar Rapids in the county of Linn, to Blairstown in the county of Benton and westward." In an amended petition, filed by leave of court, the *defendants* are described as follows: " Plaintiffs by way of amendment state that at and before the committing of the grievances above mentioned, the defendants were running a connecting line of railroad from Chicago, Illinois, to Blairstown, Benton county, Iowa, and westward as follows: From Chicago aforesaid to Clinton, Iowa, and from Clinton, Iowa, to Cedar Rapids as aforesaid, as lessees of the Chicago, Iowa and Nebraska railroad, and from Cedar Rapids aforesaid to Blairstown aforesaid, as lessees of said Cedar Rapids and Missouri River railroad, and that said three lines of railroad were

and still are connecting lines of railroad and run, and still are run and operated by the defendants as one continuous and connected line of railroad."

For *cause of action*, the petition alleges, in substance, that plaintiff took passage upon a passenger train of cars run by the defendants on their said railroad, to be conveyed by defendants from Cedar Rapids (Linn county, Iowa), aforesaid, to Blairstown, in the county of Benton, Iowa; that by defendants' neglect, a locomotive engine was, in the said county of Linn, suffered and permitted to run violently against the train on which plaintiffs had taken passage, by reason whereof the plaintiffs claim to have been damaged in the amount of *ten thousand* dollars.

The defendants appeared in the District Court of Linn county, and at the time of appearance filed a petition for the removal of the cause for trial from the State court into the Circuit Court of the United States for the District of Iowa, and offered surety for their entering copies of process in the Federal Court.

The petition for removal was as follows:

WILLIAM B. TREADWAY AND THALIA M. TREADWAY,

*v.*

CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*To the District Court of the State of Iowa within and for the county of Linn:*

Your petitioners, the Chicago and Northwestern Railway Company, respectfully state to the court, that an action has been commenced and is now pending, in the District Court aforesaid, by William B. Treadway and Thalia M. Treadway as plaintiffs against your petitioners; that said plaintiffs are citizens of the State of Iowa; that your petitioners, the Chicago and Northwestern Railway Company, are citizens of the State of Illinois, incorporated by that name by the said State, and having their principal place of business therein; that the matters in dispute in said action exceed the sum of five hundred dollars, exclusive of costs—the damages claimed by said plaintiffs being laid in their petition herein at ten thousand dollars; that special bail was not originally required in said action. Your petitioners therefore ask for the removal of the said cause for trial into the next Cir-

cuit Court of the United States, to be held in the District or Iowa, and your petitioners now here offer good and sufficient surety for their entering in such Circuit Court on the first day of its next session, copies of the process against them in said action.

CHICAGO AND NORTHWESTERN RAILWAY COMPANY,
By GREENE, DUDLEY & BELT, their Attorneys.

This petition was duly sworn to, and at the same time the defendants offered a bond with good and sufficient surety for their entering copies of process in said action in said Circuit Court on the first day of its next term; but the court refused to allow the said petition for removal; to which ruling the defendants excepted and protested against the right of the court to proceed any further in the case.

From the order of the District Court, refusing to allow the petition for removal, the defendants appeal to this court. The error assigned is, that the District Court of Linn county erred in refusing defendants' petition for the removal of the cause to the federal court.

*Greene*, *Dudley* and *Belt* for the appellants.

*J. J. Child* & *Thomas Corbett* for the appellee.

DILLON, J. — Upon this record, it is to be taken as true:

1. CORPORA-
TION: juris-
diction: for-
eign corpo-
ration.

1st. That the plaintiffs are citizens of the State of Iowa;

2d. That they brought their suit in the courts of said State;

3d. That the injury for which said suit was commenced was caused by the defendant in this State and in the county in which the suit was instituted;

4th. That the defendant was incorporated under the laws of Illinois, and there has its principal place of business and was never incorporated under the laws of Iowa;

that as such corporation, the defendant became, and at the time of causing the injury was the lessee of the Cedar Rapids and Missouri River Railroad company, a corporation under the laws of this State, and the injury was caused by the defendant in the course of its business in operating, as such lessee, the road of the company last named;

5th. That the amount in controversy exceeds the sum or value of $500; and the petition for removal was in due form and the surety offered sufficient.

And the question is, whether, upon these facts, the defendant was entitled, as a matter of right, under the Constitution and laws of the United States, to have the cause removed for trial into the Circuit Court of the United States for the District of Iowa.

The defendant bases its right to such removal upon the 12th section of the judiciary act of 1789, (1 Stat. at Large, 78). This section is as follows:

"And be it further enacted, that if a suit be commenced in any State court against an alien, *or by a citizen of the State in which the suit is brought against a citizen of another State*, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, and defendant shall, at the time of his appearance in such State court, file a petition for the removal of the cause for trial into the next Circuit Court, to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally required therein, *it shall then be the duty of the State court to accept the surety, and proceed no further in the cause*; and, any bail that may have been originally taken shall be discharged; and the said copies being entered as aforesaid in such court of the United States, the cause shall then proceed in the same manner as if it had been brought there by original process."

Under this section, it is plain that a citizen of Illinois, sued by a citizen of Iowa, in the State courts of the latter State, has the right (where he applies in due time and the

amount exceeds five hundred dollars) to have the cause transferred for trial to the proper federal court. This is well understood and is a matter of almost daily practice.

And thus the point presented by the record before us is narrowed down to this: Is the defendant, having been incorporated in Illinois, and having therein its principal place of business, but operating, as lessee, a railroad in Iowa, to be regarded, within the meaning of the section of the judiciary act above quoted, and of the Constitution of the United States, upon which that section is based, as a *citizen of Illinois*, and not as a citizen of Iowa.

If so, then the District Court erred in denying the prayer for removal. If the defendant is not to be considered as a citizen of Illinois, then the action of the court below was correct.

In support of the ruling below, the plaintiffs' counsel refer us to the fourth section of chapter 86, acts 1864, p. 97 of the legislature of this State, entitled "An act to facilitate the construction and operation of railroads in the State of Iowa."

The fourth section is as follows: "The board of directors of any railroad company, shall have power to authorize contracts of lease or joint running arrangements with any connecting road, for the operation of such connection, upon such reasonable and just terms as may be agreed upon by the parties, and the party thus leasing or operating the railroad of another company, shall, in all respects, be liable to the public for their acts or negligence, in the same manner as though the road belonged to them."

As we view it, the primary object of this section, was to authorize the directory of an Iowa railroad company to lease their road to or make a joint running arrangement with any connecting road. Without this, the directors might not have such power, or it might be questionable whether they would possess it. But having given the

authority, the statute then proceeds to declare that "the party thus leasing * * * the railroad of another company, shall, in all respects, be liable to the public for their acts or negligence, *in the same manner* as though the road belonged to them." That is to say, whatever act or omission would be the ground of an action against the *owner* of a railroad company, the like act or omission would also be the ground of an action against the *lessee* engaged in operating such railroad company. As applied to the case in hand, the defendant, as lessee, is liable to the plaintiffs for the injury sued for *in the same manner*, that is, to the same extent, as though it *owned* the road.

We discover no evidence that it was the intention to make any change in existing laws (if it be granted that it was competent for the Legislature to require foreign corporations to sue and be sued in all cases in the State tribunals), *as to the forum or jurisdiction* in which the declared liability should be asserted or enforced.

And thus disembarrassed of any supposed complications arising from State legislation, we are brought back to the general question before stated: Whether the defendant is, upon the facts in the record, a citizen of Illinois within the meaning of the twelfth section of the judiciary act, and of the Constitution of the United States?

In deciding this question, it is our duty to regard as authoritative and binding, the decisions of the Supreme Court of the United States. This high tribunal has, in the course of its existence, had frequent occasion to discuss the nature of corporations, the extent of their faculties and powers, and their right to sue and be sued in the courts of the United States.

The earlier line of decisions and the later and present one, as to the jurisdiction of the federal courts over suits by or against corporations, are admitted to be not entirely coincident. The earlier decisions went upon the idea,

that a corporation could not be and was not a *citizen* within the meaning of the Constitution of the United States and the judiciary act; but it·was nevertheless composed of citizens who had, in proper cases, a right to sue in the Federal tribunals, a right which was not, and indeed could not, be taken away by erecting them into a corporate body.    It was a logical result of this view that the jurisdiction of the courts of the United States depended upon the citizenship, that is, place of residence of the cor-porators or members. .

But in the *Louisville Railroad Company* v. *Letson*, 2 How. U. S., 497, the subject underwent a sedate and deliberate re-examination, resulting in a partial if not radical change of base.  The prior decisions were reviewed, and the extent to which they had gone regretted, and the principle upon which they rested admitted to be not entirely tenable.

And in *Letson's* case the doctrine was broadly asserted as the basis of the decision which the court then pro-nounced, "that a corporation created by and doing business in a particular State, is to be deemed, to all intents and purposes, as a person, although an artificial person, an inhabitant of the same State, for the purposes of its incorporation, capable of being treated as a citizen of that State as much as a natural person.".

. The majority of the court have ever since adhered and still adhere to the doctrine of that case.

. In *Covington Drawbridge Company* v. *Shepherd*, 20 How., 227, 232, *Letson's case* was declared to be "the settled law of the court."    It had previously been followed in *Marshall* v. *The Baltimore and Ohio Railroad Com-pany*, 16 How., 314, and was recently re-affirmed in the case of the *Ohio and Mississippi Railroad Company* v. *Wheeler*, 1 Black, 286.    Referring to these decisions, Chief Justice TANEY, in the case last cited (1 Black,

296), says : " After these successive decisions, the law upon this subject must be regarded as settled; and a suit by or against a corporation, in its corporate name, must be regarded as a suit *by or against the citizens of the State which created it.*"

And the chief justice further observes: " Where a corporation is created by the laws of a State, the legal presumption is, that its members are citizens of the State in which alone the corporate body has a legal existence; and that a suit by or against a corporation in its corporate name, must be presumed to be a suit by or against citizens of the State which created the corporate body. And *no averment or evidence to the contrary is admissible for the purposes of withdrawing the suit from the jurisdiction of a court of the United States.*"

Again, speaking of corporations, he observes (1 Black, 297): " But the legal entity or person, which exist by force of law, can have no existence beyond the limits of the State or sovereignty which brings it into life and endues it with its powers."

The assertion that a corporation " can have *no* existence beyond the limits of the State which brings it into life " is to be taken subject to or in connection with certain other well settled principles respecting corporations.

It is true that the *habitat* or domicile of the corporation is in the State which creates it. *There* the corporate residence is fixed. It may be true that it cannot be fixed elsewhere. See *Wheeler's case*, 1 Black, 286, before cited. As a natural person cannot at one and the same time be a citizen of two States, so it may be true that *one and the same* corporate body, as a legal entity, cannot, even by express act of the legislatures of different States, have, at least for jurisdictional purposes, a residence or domicile in two different sovereignties. Id.

Still, corporations are not so entirely local that they

have, elsewhere than in the State where created, no exist-
ence for any purpose.   They may exercise certain privi-
leges or powers extraterritorially.   They may sue and
be sued in foreign States.   Insurance companies, banks
and banking companies, steamboat, railroad and express
companies, do business in many States though chartered
by but one.   And a corporation may exercise its legiti-
mate powers in another State, if this be not forbidden by
the laws or policy of such other State.   These principles
have, upon great deliberation, been also settled by the
Supreme Court of the United States.   In the great *Earle.*
case, that court says : " It is very true that a corporation
can have no legal existence out of the boundaries of the
sovereignty by which it is created.   *   *   *   It must
dwell in the place of its creation, and cannot migrate to
another sovereignty.   But although it must live and have
its being in that State only, yet it does not by any means
follow, that its existence there will not be recognized in
other places ; and its residence in our State creates no
insuperable objection to its power of contracting in
another.   *   *   *   It is sufficient that its existence, as
an artificial person, in the state of its creation, is acknowl-
edged and recognized by the law of the nation where
the dealing takes place ; and that it is permitted by the
laws of that place to exercise the powers with which it is
endowed.   Every power, however, which a corporation
exercises in another State, depends for its validity upon
the laws of the sovereignty in which it is exercised." *Per*
Taney, Ch. J., in *Bank of Augusta* v. *Earle*, 13 Pet.,
519 ; and see to same effect, *Runyan* v. *Coster's Lessee*, 14
Id., 122.

The act of the General Assembly of this State, before
quoted (ch. 86, acts 1864, § 4), allows, so far as the State
is concerned, a foreign railroad company having a line of
railroad connecting with an Iowa road, to lease the latter

and operate, it. It would undoubtedly have been competent for this State to exclude foreign corporations entirely. Or it might prescribe the terms and conditions on which such corporations might transact business within its limits, and it is possible, though we do not rule the point, one of these terms or conditions might be that causes of action originating in this State, should be adjudicated in the *State* tribunals. But the State has not, as we have before shown, annexed any such qualification to the privilege which it has extended to foreign railway corporations.

It seems scarcely necessary to observe, that the act of the Legislature, while it *recognizes*, does not undertake to *incorporate*, that is to endue with corporate powers and faculties, foreign railroad companies which may lease or operate railroads in this State.

Under the decisions of the Supreme Court of the United States we feel compelled to hold :

1. That the defendant is, for all jurisdictional purposes as respects the Federal courts, to be regarded as a citizen of Illinois, or, in the language of the court just referred to, it is conclusively presumed that " the suit is against citizens of the State which created the corporation," that is, against citizens of Illinois.

2. That doing business in this State, under the sanction of its laws, it is suable here, but it has not, by any State legislation (if such legislation is competent) been deprived of the right to be regarded as a citizen of Illinois, so far as concerns its right to elect, in the cases specified in the judiciary act, to proceed, or to be proceeded against, in the courts of the United States.

It may be objected to in this view, that it gives the defendant a greater right than if it were a domestic corporation. We answer that this circumstance cannot change the law.

Vol. XXI.—46

Treadway and wife v. The Chicago and Northwestern Railway Co.

. Suppose — and such cases are not unfrequent — that a citizen of Illinois, one who has and keeps his family there, and who there exercises his right of suffrage, does business regularly in Iowa, and that he is sued in the State courts of the latter State by one of its citizens for a matter growing out of such business, is he not still a citizen of Illinois? Is he a citizen of Iowa? Clearly not. And we see no reason why he could not insist upon his right to have the cause removed to the courts of the United States. We have found no case which would deny the right of removal. And yet the same objection might be made that such a person enjoyed a privilege which was denied to citizens of the State.

It is proper to add that section 2801 of the Revision, as to the county in which suits may be brought, conceding it to be applicable to *foreign* corporations, does not undertake to deny the right of removal to the Federal courts in cases where such removal is authorized by the Constitution of the United States and the act of Congress.

In this opinion it must be assumed that the corporation defendant has, by its charter or constituent act, or the laws of the State by which it was created, the right to lease and operate the railroad in Iowa upon which the accident occurred, at least it has the right so far as the laws of Illinois could confer it; and we have before seen that this right is recognized by the legislation of this State.

The order of the District Court is reversed, and the cause remanded with directions to grant the petition of the defendant for a removal of the cause to the Circuit Court of the United States.

Reversed.