L. C. DODGE et al., Respondents, v. THE MARIPOSA CO., Appellant.

No. 1297; November 29, 1867.

**Upon an Account Stated a Written Promise by the Debtor to Pay** at request in gold coin can be enforced, even though before gold could not have been demanded, the amount due being a sufficient consideration.

**Corporation—Service of Process.—The Statute Which Provides** that process against a corporation may be served upon "an agent," in this state, of such corporation, is satisfied by a return making it appear that the service was made upon "the managing agent of the defendant."

APPEAL from Fifteenth Judicial District, San Francisco County.

Sharp for respondents; J. B. Felton for appellant.

SAWYER, J.—We think the complaint shows a case that justifies a judgment for coin. It avers that upon an account-

ing had between plaintiff and defendants, "the defendant was found to be in arrear and indebted to said plaintiff in the sum of fifty-nine thousand four hundred and ninety-four 50/100 dollars in United States gold coin; and being so found in arrear and indebted to said plaintiff, the defendant, through its lawfully authorized agent, promised in writing to pay the same, when requested, in said gold coin." Here is an averment of a promise in writing to pay, in coin, a sum admitted, on an accounting, to be due in coin. The amount being due is a sufficient consideration, and the written promise upon the consideration is "a contract or obligation in writing for the direct payment of money made payable in a specific kind of money," within the meaning of section 200 of the Practice Act. The default admits the averment. The prayer of the complaint demands a judgment payable in United States gold coin, and the summons notifies the defendant that, upon failure to answer, judgment will be taken payable in United States gold coin, so that the relief granted was justified by the allegations of the complaint, and does not exceed that demanded in the prayer and specified in the summons. We think the return discloses a service; it states the party upon whom the service was made to be the "managing agent of the defendant." The "managing agent" must be "an agent," and, in the case of a foreign corporation, the summons may be served on "an agent": Practice Act, sec. 29. Regarding the defendant either as a foreign or domestic corporation, the service is good. The defendant seems, from the averments in regard to its incorporation, to have been incorporated both under the laws of New York and California. This fact will not enable the defendant to escape a judgment. There is nothing in Ohio & Miss. R. R. Co. v. Wheeler, 1 Black, 286 [17 L. Ed. 470], indicating that a judgment cannot be entered against a body claiming to be incorporated under the laws of two states. We find no error in the record.

Judgment affirmed.

We concur: Shafter, J.; Currey, C. J.; Sanderson, J.