No. 6989.

WARRICK TUNSTALL VS. THE PARISH OF MADISON.

An order of a district court of the State granting the removal of a case to the Circuit
Court of the United States may be appealed from.

When an application for the removal of a suit from a State to a Federal court is
made, the State court has jurisdiction to determine the question whether the
applicant has brought himself within the provisions of any act of Congress
authorizing the removal. But in considering this question, the court should
only allow such allegations of fact to be put at issue, as are material to its deter-
mination.

In an application for the removal of a suit from a State to a Federal court under
the act of Congress of 1867, known as the "Local Prejudice Act," the applicant
need not swear to his citizenship. The necessary allegation as to his citizen-
ship, need only be set forth in his pleadings.

The affidavit required by the "Local Prejudice Act," should be made by the appli-
cant himself. The affidavit of his *attorney*, that he (the attorney) has reason to
believe and does believe, etc., is not sufficient.

For the purposes of Federal jurisdiction a corporation, whether political, munici-
pal, or commercial, is regarded as a citizen of the State in which it was created,
without regard to the citizenship of its members. Thus, a parish of this State
is a citizen of Louisiana.

The "good and sufficient surety" required of the party who applies for the removal of a case to the Federal court need only be *offered* in the State court by the applicant at the time of filing his petition for removal. The written obligation of such surety need only be *filed*, after the surety has been accepted by the court.

The affidavit required of an applicant for the removal of a case under the "Local Prejudice Act," may be taken before any commissioner for this State residing in another State. Such a commissioner has authority to administer the oath.

This court will presume that the seal used by one, who styles himself, without contradiction, a commissioner of Louisiana in authenticating an affidavit made before him, as commissioner, was the seal of a commissioner of Louisiana, until the contrary is clearly, and specifically shown to this court.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J.

*Seale & Morrison* for plaintiff and appellee.

*Geo. J. Bradfield*, District Attorney *pro tem.*, and *Isaac H. Crawford* and *J. Tyson Lane* for defendant.

### ON THE MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J. This is an appeal from an order of the district court of Madison parish removing the cause into the circuit court of the United States. Plaintiff, appellee, moves to dismiss the appeal on the ground that this court is without jurisdiction; "the jurisdiction of the State courts having ceased on filing the application and obtaining the order of removal."

In Goodrich vs. Hunton. 29 An. 372, we held that an appeal would lie from the order of removal from the State court into the circuit court, and we see no reason to doubt the correctness of that decision.

The motion to dismiss is, therefore, overruled.

### ON THE MERITS.

Warrick Tunstall, describing himself to be a citizen of the State of Missouri, residing at the city of St. Louis, brought this suit against the parish of Madison, to recover some thirteen thousand dollars for professional services as attorney and counselor. He describes the parish of Madison as "a body corporate, civil and politic, of and in the State of Louisiana, represented by the police jury of said parish."

Defendant appeared by counsel and pleaded prescription as to part af the demand, and that the petition shows no cause of action against defendant.

Pending these issues Tunstall filed a petition for removal into the circuit court of the United States, under section 639, third paragraph Revised Statutes of the United States, page 113, the original of which is the act of 1867, known as the "Local Prejudice Act." This petition states fully and in detail all that is requisite for the removal; and refers to the precise law under which it is claimed. It states, also, that peti-

tioner has filed his affidavit, as required by that law; and that he "offers herewith his bond executed by himself and H. R. Morrison, of Madison parish, Louisiana, surety, in the penal sum of $250, conditioned as by said act of Congress required."

The affidavit filed with the petition states : "That I have reason to believe and do believe that from local prejudices and local influence I will not be able to obtain justice in said State court."

This affidavit was subscribed and sworn to by Tunstall before C. D. Greene, Jr., styling himself "Commissioner for Louisiana, at St. Louis, Missouri;" and to it a seal is affixed.

Defendant excepted on several grounds :

First—That no bond was filed with the petition.

Second—That no proper affidavit has been made, the alleged or pretended commissioner of deeds having no authority to administer oaths in such cases, "and the pretended affidavit not being authenticated by seal purporting to be a seal of a commissioner for Louisiana; that said pretended affidavit does not set forth the citizenship of plaintiff ; and that there are other defects and irregularities apparent on the face of the papers."

Another petition for removal was filed, with tender of a bond, with Morrison as surety in the penal sum of $500. The affidavit was made by one of the attorneys of plaintiff in the suit.

Defendant again excepted, on the grounds :

1. That the former application had not been ruled upon or in any manner disposed of.

2. That of the two bonds filed on the same day one is insufficient in amount and the other is not signed by plaintiff.

3. That the affidavit does not show, nor does it appear *aliunde*, that plaintiff is a citizen of a State other than this.

4. That the affidavit is not made by plaintiff, but by his attorney, and does not comply with the law in such cases made and provided.

5. That this is not and does not purport to be a suit between a citizen of the State in which it is brought and a citizen of another State, but is a suit between an individual on the one part and a civil corporation on the other.

The extracts from the minutes show that the "exception" to the petition for removal was taken up, tried, taken under advisement, over-ruled, and the removal ordered as prayed for; but there is nothing to show whether the court passed upon the first set of exceptions, or the second, or both. The order of removal recites that the plaintiff, Warrick Tunstall, filed his petition, and having verified it by oath, and furnished bond in pursuance of the act of Congress, etc., Rev. Stats., etc., section 639, subdivision three, it is ordered, etc.

When an application for removal is made the State court must determine whether the applicant has brought himself within the terms and requirements of the act under which he claims the right, or at least as we intimated in Goodrich vs. Hunton, 29 An. 372, within the provisions of some act of Congress authorizing the removal. We do not think the State court should permit a fraud to be practiced, or its jurisdiction to be divested, by the false allegation of a material fact, such, for instance, as the citizenship of the parties, respectively; and, therefore, we think the party against whom the removal is asked for may put at issue in some form such allegation of fact. We do not think, however, that it is proper to allow the right of removal to be impaired by pleas and exceptions which are not simply denials of material allegations of fact, or which go beyond the bringing to the notice of the court the specific question of the sufficiency of the application, as a matter of law apparent on the face of the papers.

The petition of plaintiff sets out the amount of his demand and the citizenship of himself and of the defendant distinctly and sufficiently to have given jurisdiction to the circuit court originally. The petition for removal contains all the allegations that would be required under the act of March 3, 1875, except that it does not appear that it was filed before or at the term at which the cause could be first tried, as required by section three of that act. As the plea of prescription and exception of no cause of action were filed at the May term, and the petition for removal at the November term, the plaintiff probably preferred to assert his right under the local prejudice act, because of the apprehension that it was too late to apply under the act of 1875.

The act of 1867, the law under which the removal is asked for in this case, does not require the applicant to swear to his citizenship. It requires him to make and file in the State court, at any time before the trial or final hearing of the suit, an affidavit stating "that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in such State court."

Where the proceedings show that the suit is between a citizen of the State in which it is brought and a citizen of another State, and that the amount in controversy exceeds the sum of $500, exclusive of costs, the right of removal, at any time before the trial or final hearing, is absolute if the party entitled, the citizen of the State other than than that in which the suit is brought, will make and file the affidavit prescribed by the act; and when this application is made, and sufficient surety offered, as required, the State court is divested of jurisdiction, and must proceed no further in the cause.

We think this affidavit should be made by the applicant, because, although the attorney might have reason to believe and might believe

that his client, from prejudice and local influence, of which the attorney might be even better informed than his client, could not obtain justice in the State court, he could not know what impression had been made upon the mind of his client, nor what his client really believed. In this case the attorney swears that he has reason to believe and does believe, etc.; but he has not undertaken to swear to the belief of his client. We are not prepared to say that, under no circumstances, this affidavit could be made by an attorney, but the letter of the law requires the affidavit to state that the applicant has reason to believe and does believe, and we think the spirit of the law requires that it shall be made by the applicant in person.

The exception as to the citizenship of the defendant is without legal warrant or foundation. The settled jurisprudence of the Supreme Court of the United States is that a corporation "for the purposes of Federal jurisdiction, is regarded as if it were a citizen of the State in which it was created; and no averment or proof as to the citizenship of its members elsewhere will be permitted. There is a presumption of law which is conclusive." Louisville R. R. Co. vs. Letson, 2 How. 497; O. and M. R. R. Co. vs. Wheeler, 1 Black, 286; Insurance Co. vs. Francis, 11 Wallace, 210; R. R. Co. vs. Harris, 12 Wallace, 82; Sewing Machine case, 18 Wallace, 553; in which all the parties were corporations ; and they were held, for purposes of Federal jurisdiction, to be citizens of the States, respectively, in which they were created.

In all these cases the corporations might have been composed in part of persons who were not citizens of the States, respectively, in which they were created, but the political corporation, Madison parish, is composed entirely of citizens, residents of the parish: and the reasoning applicable to trading and manufacturing corporations, with respect to citizenship and Federal jurisdiction, applies with so much the more force to this corporation.

In the celebrated Topeka case, 20 Wallace, 755, the plaintiff was a corporation created in Ohio, and defendant was a municipal corporation in Kansas. It did not occur to the learned counsel, or to the Supreme Court of the United States, that the plaintiff, the Loan Association, was not a citizen of the State of Ohio, nor that the defendant, the city of Topeka, was not a citizen of the State of Kansas, within the meaning and intendment of the Constitution and laws of the United States, for the purposes of Federal jurisdiction.

There is nothing in the cases of the Phœnix Insurance Company vs. Pechau, and Amory vs. Amory, recently decided by the Supreme Court of the United States, relied on by defendant, in conflict with this established jurisprudence. Pechau sued the Phœnix Insurance Company, in one of the courts of the State of New York. There was nothing in the

pleadings to indicate the citizenship of plaintiffs. The Insurance Company filed a petition for removal, under the judiciary act of 1789. The company was a Connecticut corporation, and there was no doubt about its citizenship. The suit was commenced on June 1, and the petition for removal was filed June 11. It stated that plaintiff *is* a citizen of the State of New York, but it did not state that he *was* a citizen of that State at the time of the commencement of the suit. The court held that the act of 1789 requires the citizenship which authorizes the removal to exist at the time of the commencement of the suit; and an affidavit or proof of citizenship that did not relate to that time would not suffice.

In Amory vs. Amory, it seems the plaintiffs were executors under appointment in the State of New York. They brought suit in their official capacity against a citizen of New Jersey. He filed a petition for removal under the act of 1867, on the ground that plaintiffs, " as executors, are citizens of the State of New York." The court held that it is the personal citizenship, not the "official" citizenship, if there could be such a citizenship, which authorizes the removal, and for all that appeared the executors, although appointed in the State of New York, might have been citizens of New Jersey, as was the defendant.

It will be observed that the act of Congress does not use the word "bond." It requires that the applicant for removal shall, at the time of filing his petition, " offer in said State court good and sufficient surety," etc.; and it is the duty of the court to accept not a " bond," but " the surety." The surety must bind himself in writing: the bond is the most convenient form of writing for that purpose; and hence it is in general use in judicial suretyship.

In his petition for removal plaintiff offered a bond, in the penal sum of $250, conditioned as required by law, with a surety whom he designated by his name and residence; and the surety, on that day, annexed to the bond his affidavit of his sufficiency. The bond was ample in amount; and there was no occasion for actually filing it until the offered " surety " had been accepted by the court.

The earnestness manifested by counsel for defendant in a printed argument of eleven pages has, seemingly, imposed upon us the necessity of expressing our views on matters which we think too well settled to admit of doubt or question now; and we proceed to the remaining objections, which depend upon the laws of our own State.

As we have seen, the affidavit of plaintiff was sworn to and subscribed by him, at St. Louis, before a Louisiana commissioner. All the requisites for removal sufficiently appear of record, by the distinct allegations of the original petition, except the cause of removal, the prejudice and local influence, which the act requires to be sworn to, and

which is embodied in the petition and affidavit, in the words of the act. The objections to this affidavit are two-fold:

First—That the commissioner had no authority to administer the oath.

Second—That the affidavit is not authenticated by seal purporting to be a seal of a Louisiana commissioner.

First—The act of 1855, p. 44, re-enacted in Revised Statutes of 1870, p. 117, authorizes the commissioners appointed by the Governor to take· acknowledgments-and proof of deeds, etc., " or other writings, to be used or proved in this State, before any court or public officer, and to *administer an oath* or affirmation for like purposes to any person desirous to make the same." Sections 597, 603.

We think this language is broad enough to confer power to administer an oath, in verification of any writing or affidavit to be used or proved before any court of this State, in any civil suit or proceeding.

Second—The affidavit shows on its face that the commissioner styled himself, and professed to act in the capacity of " commissioner for Louisiana, at St. Louis, Missouri;" and it is authenticated by his signature and by a seal. Our attention has not been called to any special defect in the seal itself; and it is not denied that Greene was a commissioner for Louisiana, at St. Louis, Missouri, as he professed to be and signed himself, nor that the seal was affixed by him. The specific objection is that the affidavit is not authenticated by seal purporting to be a seal of a Louisiana commissioner. The seal could not have been affixed by any other person without forgery; and we must assume that it was affixed by him, because we can not presume that a crime has been committed. If it was affixed by him, it must have been his official seal as commissioner, because he had no occasion to use any other; and no other seal would have authenticated his official signature in the capacity in which he professed to act. The affidavit bears a seal; and that seal does not purport to be any other than that of the commissioner who administered the oath.

A *fac-simile* of the seal is hardly to be expected of an ordinary penman; and, as is usual, a scrawl with the word " seal " written in it, supplies the place of the seal itself in the transcript. If that had been the seal used by the commissioner, that specific objection would have been made either in the pleadings or in the argument. In their printed argument counsel for defendant say, referring to the first petition for removal: " A sort of affidavit was annexed, but no bond was filed." The affidavit contains all that the act of Congress requires; and we can not undertake to reverse the judgment of the district judge, who had the original impression of the seal before him, without having that impression or an accurate description of it before us. If the seal itself

was not such as the law requires, the defect should have been specifically pointed out and brought to our notice; and the appellant should have exhibited to us either the original impression affixed to the affidavit, or a *fac-simile*, or a correct description of it, so that we might have ascertained for ourselves the force of the objection. No such specific defect having been pointed out as indicated, we must hold that the authentication is sufficient.

The first petition and bond, and the affidavit made by plaintiff at St. Louis, in our judgment, made it the duty of the district judge to order the removal, and to proceed no further in the cause. The second petition, bond, and affidavit made by the attorney were not necessary, nor did they constitute an abandonment of the first application for removal. We incline to the opinion that the attorney can not make the requisite affidavit where, as in this case, no circumstance is shown which prevented the making of it by the applicant himself; but it is not necessary to pass upon this affidavit, because that made by plaintiff at St. Louis suffices.

The judgment appealed from is, therefore, affirmed with costs.