# KENT COUNTY.

STAFFORD & COMPANY et al. vs. AMERICAN MILLS COMPANY.

A foreign corporation is for purposes of jurisdiction a "resident" of the State which creates it; hence under Pub. Laws R. I. cap. 723, § 2, of June 20, 1878, the Supreme Court has no power to appoint a receiver of the estate of a foreign corporation doing business in Rhode Island.

*Phillips* v. *Newton*, 12 R. I. 489, affirmed.

PETITION IN EQUITY for the appointment of a receiver.

*Providence, May* 30, 1881. DURFEE, C. J. We decided in *Phillips* v. *Newton*, 12 R. I. 489, following *Claflin* v. *Beach*, 4 Met. 392, that this court has no jurisdiction under Pub. Laws R. I.

cap. 723 of June 20, 1878,[1] to appoint a receiver of the property and effects of a non-resident debtor. We see no reason to think we erred in that decision. The statute remains as it was, though the General Assembly has had ample opportunity to change it if dissatisfied with the decision. The petition here shows that the debtor is a foreign corporation established under the laws of the State of New York. It also appears by the certificate of incorporation that it is located in the city of New York, though formed for the purpose of carrying on a part of its business in this State. Evidence was submitted to show that two out of the three stockholders who constitute the corporation, one of them being the president and the other the secretary, 'and both of them trustees, reside in this State, and that much the larger part of the corporate property is here situated. The corporation enters an appearance and submits itself to the jurisdiction of the court. The petitioners contend that in the circumstances, the corporation can be regarded as a resident debtor, and that at any rate its appearance and submission give the court·jurisdiction.

We do not think a *foreign* corporation can under any circumstances be regarded as a *resident* of the State, in the absence of any legislation recognizing it or giving it a *status* as such. The proper seat or "residence" of such a corporation is the State which created it and which continues it in existence, otherwise the corporation might have its residence in a multitude of jurisdictions. And see *Taft* v. *Mills*, 5 R. I. 393, and cases there cited. This view is confirmed by the decisions on the analogous question in relation to the jurisdiction of the United States courts, the more recent of which hold that a corporation is to be deemed "a citizen" of the State by which it was created without regard to the citizenship of the corporators. Angell & Ames on Corporations, § 407 ; *Louisville Railroad Company* v. *Letson*, 2 How. U. S. 497 ; *Ohio & Mississippi Railroad Co.* v. *Wheeler*, 1 Black, 286 ; *Muller* v. *Dows*, 4 Otto, 444.

We also think the appearance and submission of the corporation are ineffectual to give jurisdiction. When jurisdiction fails sim-

---

[1] Printed in full *ante*, p. 156 *sq.*

ply for want of service, the defect may be cured by appearance. But that is not this case. Here the proceeding is under a statute which gives jurisdiction only when the debtor resides in the State. If the debtor resides out of the State the statute does not apply, and the proceeding is utterly unauthorized. Nothing is better settled than that in such a case consent will not confer jurisdiction.

The petition will therefore be dismissed for want of jurisdiction.

*Petition dismissed.*

*Browne & Van Slyck*, for petitioners.
*James Tillinghast*, for opposing creditors.
*Edwin Metcalf*, for American Mills Company.

