GAVIN v. HUDSON & MANHATTAN R. CO.

KNOBLOCH v. HUDSON & MANHATTAN R. CO.

EMMA et al. v. HUDSON & MANHATTAN R. CO.

Civ. Nos. 10362, 10496, 11091.

United States District Court
D. New Jersey.

May 2, 1950.

John A. Laird, Newark, N. J., for J. Gavin.

David Roskein, Newark, N. J., for W. Knobloch and Mary Emma and Frank Emma.

Markley & Broadhurst, by Charles W. Broadhurst, Jersey City, N. J., for defendant.

FAKE, Chief Judge.

The issues here arise on motions to dismiss for lack of diversity of citizenship.

The record consists of the complaints, the answers and two exhibits. The complaints alleged that plaintiffs are citizens of the State of New Jersey, and the named defendant is a corporation and a citizen of the State of New York. The answers are not worded in the same language. In the Gavin case the answer denies that the named defendant is a corporation of the State of New York, and alleges that it is a consolidated corporation of New York and New Jersey. The answer in the Knobloch case flatly denies that the named defendant is a corporation and citizen of the State of New York and rests at that. The answer in the Emma case, in paragraph 1 thereof, admits that the named defendant is incorporated under the laws of the State of New York, but also says it is incorporated under the laws of the State of New Jersey.

Looking to the "named" defendant. Reference is had to a certificate marked Plaintiffs Exhibit 1. This is a duly authenticated certificate of incorporation of a company named therein as "Hudson and Manhattan Railroad Company." It was filed in New York in the year 1903. The purpose of this corporation, as recited, is to construct a railroad to operate through tunnels in New York and under the bed of the Hudson River into New Jersey and out into

that State. Thus that corporation is well identified both as to its name, its property, and the State of its incorporation.

Looking now to defendant's Exhibit 1 we find a document entitled "Agreement of Consolidation between New York and Jersey Railroad Company, Hoboken and Manhattan Railroad Company and Hudson and Manhattan Railroad Company, forming Hudson and Manhattan Railroad Company." This document was duly filed in New Jersey, in the Secretary of State's Office, on December 6, 1906, and in New York, in the Office of the Secretary of State, on December 5, 1906, and the next day in the New York County Clerk's Office. A reading of it discloses that the Hudson and Manhattan Railroad Company, incorporated in New York, in 1903, is a party thereto and that its properties and obligations were consolidated with those of the other two corporations mentioned, and the consolidation is named with exactly the same name as the 1903 corporation. Neither the 1903 nor the 1906 corporations recites the state or states of their nativity as part of their respective corporation names. This must be spelled out from an examination of their respective certificates, and the state laws upon which the certificates are issued.

█ Before the artificial entity called the corporation obtains legal existence certain preliminaries must be entered into by natural persons. These preliminaries are permitted and required by the statutory laws of the states, and when completed they constitute compacts or agreeements between the natural persons seeking the bringing into existence of a corporate life which only the state can create, and which the states actually have done in this instance.

█ Here the incorporators of "Hudson and Manhattan Railroad Company, a corporation," incorporated in the year 1906, have followed the statutory laws of the State of New York, and as well the laws of the State of New Jersey which expressly provide for the bringing into existence of a type of corporate entity referred to as a "consolidation." The certificate or agreement in this case discloses a most careful following of such statutory requirements of both states. The language of the New Jersey statutes provide that "the new company formed by such consolidation shall be a corporation of this State or *of this State and some other State or States,*" N.J.S.A. 48:12–131, and that the "new corporation" shall become liable for the obligations of the companies so consolidated. The New York law is to the same effect. See McKinney's Consolidated Laws of New York, c. 49, Railroad Law, Sec. 140 etc. From the foregoing it is seen that a new corporate entity is contemplated.

The subject of corporate existence, as here under consideration, is a matter which is left largely to the legislative will of the states. I know of no federal limitation which is directed against it. See Mackay v. New York, N. H. & H. R. Co., 82 Conn. 73, 72 A. 583, at page 587, 24 L.R.A.,N.S., 768. So, where the laws of the two states contemplate united action, in two states, a new or unique corporate entity results which requires analysis to ascertain when it comes into legal existence, and whether it could exist under the authority of but one of the states. To hold that it could exist in but one state would be to set at naught the articles of incorporation and the valid laws upon which its corporate charter is founded. It is, therefore, found here that the defendant came into existence when the preliminary requirements were completed and the certificate was filed in both states. The charter provides that "the new corporation formed by such consolidation shall be 'Hudson and Manhattan Railroad Company' ". The complaint is directed against "The Hudson and Manhattan Railroad Company, a corporation of the State of New York." That corporation no longer exists. The consolidation dissolved it. See Swedish Iron & Steel Corp. v. Edwards, D.C., 1 F.Supp. page 335 and cases cited therein at page 338, also see Atlantic & G. Railroad Co. v. State of Georgia, 98 U.S. 359, 25 L.Ed. 185, and Clearwater v. Meredith, 1 Wall. 25, 68 U.S. at page 25, 17 L.Ed. 604. The instant suits are founded upon claims or causes of action which arose after dis-

solution and, therefore, will not lie as against the 1903 dissolved corporation.

The only possible defendant is the consolidated corporation of 1906, stockholders and members of which are legally presumed to be citizens of both New York and New Jersey. Service was made upon the new consolidated corporation.

According to the case law of the United States, as found in the Supreme Court decisions, corporations are dealt with *for the purpose of ascertaining diversity* as though they were in effect partnerships and the suit directed against the members. See Louisville C. & C. R. Co. v. Letson, 2 How. 497, 43 U.S. 497, 11 L.Ed. 353; Ohio & M. R. Co. v. Wheeler, 1 Black 286, 66 U.S. 286, 17 L.Ed. 130; Marshall v. Baltimore & O. R. Co., 16 How. 314, 57 U.S. 314, 14 L.Ed. 953; Jurisdiction and Practice of the Courts of the United States, 5th Edition (1949), by Charles Bunn, page 44. That being the situation here, and the corporate existence being dependent upon both states, diversity of citizenship does not appear.

It should be borne in mind that the foregoing opinion is intended to deal only with the subject of diversity on the record here, and not with any rights of the respective states in relation to taxation or other issues.

It follows that these suits should be dismissed.