PACIFIC RAILROAD *v.* MISSOURI PAC. RY. CO.

(*Circuit Court, D. Kansas.* November, 1883.)

1. REMOVAL OF CAUSE—CITIZENSHIP—CORPORATION, HOW A CITIZEN OF A STATE.
    Strictly speaking, corporations cannot be citizens, and in order to hold them amenable to federal jurisdiction, on the ground of citizenship, it is necessary to assume that all the stockholders are citizens of the state by which the corporation was created.

2. SAME—BUSINESS AND OFFICE IN ANOTHER STATE.
    A corporation for jurisdictional purposes is a citizen of the state by which it was created, even if all its business is transacted elsewhere, and all of its offices and places of business are outside of the state.

3. SAME—CONSOLIDATED CORPORATIONS—SUIT BY CORPORATION.
    A consolidated corporation formed by the union of six corporations, three of which were organized under the laws of Missouri and three under the laws of Kansas, will be presumed to be a citizen of both states, and, when sued in a state court in Kansas by a corporation organized under the laws of Missouri, cannot remove the cause to the federal court.

On Motion to Remand.

*James Baker*, for plaintiff.

*Thomas J. Portis*, for defendant.

McCRARY, J. This cause having been removed from a state court, is now, by agreement of counsel, submitted as upon motion to remand, upon facts appearing in the record and by a stipulation on file, and which are as follows:

(1) The plaintiff is a corporation organized under the laws of the state of Missouri, but had, at the time this suit was commenced, and still has, its chief place of business in the city and state of New York, and has not had for more than five years any officer, office, or place of business in the state of Missouri; (2) the defendant is a consolidated corporation, formed by the union of six corporations, three of which were organized under the laws of Missouri, and three under the laws of Kansas; (3) the property in controversy was the property of one of the Missouri corporations, if it is owned by the defendant at all. All the interest the consolidated company has in the property is derived from one of the Missouri corporations under the articles of consolidation. The cause was removed solely upon the ground of *citizen-*

*ship*, and the question to be determined is whether, upon the foregoing facts. it affirmatively appears that this is a controversy between citizens of different states.

The questions to be determined upon these facts are:

(1) Can the plaintiff be held to be a citizen of New York, although created under the laws of Missouri, upon the ground that its only place of business is, and has long been, in the city and state of New York? (2) If it is held that the plaintiff is a citizen of Missouri for jurisdictional purposes, can it be held, upon the facts above set forth, that defendant is a citizen of Kansas, and not of Missouri?

Upon the first question we have no difficulty. Strictly speaking, corporations cannot be citizens; and therefore, in order to hold them amenable to the federal jurisdiction on the ground of citizenship, it has been found necessary to assume, often contrary to the fact, that all the stockholders are citizens of the state by which the corporation was created. It is only by virtue of this assumption that a corporation can be said to be a citizen of any state. The presumption that all the stockholders are citizens of the state under whose laws they incorporate is a conclusive presumption, and the fact will not be inquired into. The fact may be that not one of the stockholders is a citizen of such state; but if so, it cannot be made to appear. The place of transacting business cuts no figure. The corporation, for, jurisdictional purposes, is a citizen of the state by which it was created, even if all its business is transacted elsewhere, and all of its offices and places of business are outside of the state. The state may, and we think should, require all of its corporations to keep their principal office within the state, and to have officers or agents there upon whom service of process may be made. This is the law in many states. If it be the law of Missouri, the plaintiff has evidently violated it. However this may be, we are very clearly of the opinion that the plaintiff company, having been organized under the laws of Missouri, cannot become a citizen of New York, for jurisdictional purposes, by establishing its head-quarters in that state, and failing to keep an office in Missouri. If it continues to be a corporation at all, it is to be regarded as a citizen of Missouri. *Railway Co.* v. *Whitton*, 13 Wall. 270; *Railroad Co.* v. *Letson*, 2 How. 497; *Marshall* v. *Railroad Co.* 16 How. 314; *Railroad Co.* v. *Wheeler*, 1 Black, 297; *Covington Draw-bridge Co.* v. *Shepherd*, 20 How. 232.

Upon the second question there is more difficulty. The defendant is undoubtedly a single corporation, although formed by the consolidation of six distinct corporations, three of them having been formed under the laws of Missouri and three under the laws of Kansas. The consolidation was had under the laws of both states, the co-operating legislation of both being clearly necessary to that end. In *Railroad Co.* v. *Harris*, 12 Wall. 65, it was said: "We see no reason why several states cannot, by competent legislation, unite in creating the same corporation, or in combining several pre-existing corpora-

tions into a single one." And the case of *Railroad Co.* v. *Maryland*, 10 How. 392, is referred to as recognizing such a power.

Neither of these cases, however, presented the question with which we now have to deal. Here the validity of the consolidation is conceded; but the question is, of what state, if of any, can the consolidated company be said to be a citizen? It is created by the laws of two states. Is it a citizen of both? If not, is it a citizen of either?

We have already seen that a corporation cannot be a citizen in any proper sense of the term, and that such artificial beings are held subject to the federal jurisdiction as citizens, by resorting to the fiction that all the incorporators or stockholders are conclusively presumed to be citizens of the state creating the corporation. What becomes of the fiction when the corporation is created, as in this case, by the laws of several states authorizing the union of several corporations existing in different states? What is to be the presumption in such a case as to the citizenship of the stockholders? Manifestly it cannot be that they are all citizens of either one of the states under whose laws the consolidation was authorized. Before the consolidation there was a conclusive presumption of law that the stockholders in three of the original corporations which were united to form the defendant company were citizens of Missouri, and those of the remaining three, citizens of Kansas. When the six companies were united in one under the laws of both states, we are unable to see how we can say that the same stockholders can be presumed to have suddenly become citizens of one of such states. And still less can we presume, in this case, that they all became citizens of Kansas. In a word, as it seems to us, the fiction above referred to as to the citizenship of stockholders, where the corporation is created by a single state, cannot be applied where the corporation is created by the laws of more than one state; or, if it be applied, so far from enabling us to hold that the corporation may sue or be sued as a citizen of a particular state, it leads to the opposite conclusion. We have thus seen (1) that a corporation cannot be a citizen; (2) but where a corporation is created under the laws of a state, the courts will conclusively presume that the persons composing it are citizens of that state, and therefore will hold the corporation itself amenable to suit in the federal courts the same as a citizen of such state; (3) where, however, the corporation is not formed under or by virtue of the laws of a single state, but under and by virtue of the laws of several states, the presumption, if any is allowed, must be that the persons composing it are citizens of the different states under whose laws the corporation was formed; as, for example, in the present case, that the persons composing the defendant corporation are some of them citizens of Missouri, and others citizens of Kansas.

In order to prevent confusion and misconstruction of our ruling in this case, its exact nature must be kept in view. It is not a case in which a corporation created by one state has been permitted to enter

the territory of another, and there engage in business. In such cases it has been held that there is no new corporation, but only added powers and privileges granted to an existing body, and that it remains a corporation of the state by which it was originally chartered. It refers for the law of its being to the statutes of the state by which it was originally created, although it may have obtained enlarged powers and the right to extend its operations into foreign territory from the legislation of other states. Thus, in *Railroad Co.* v. *Harris, supra,* the corporation was originally created by the state of Maryland, and subsequently authorized to extend its operations into Virginia and the District of Columbia, by appropriate local legislation, declaring that it should have the same rights and privileges in that state and district as in Maryland. It was held that it remained a corporation of Maryland, and that no new corporation was created either in Virginia or in the District of Columbia. In *Railway Co.* v. *Whitton, supra,* the corporation was sued as a citizen of Wisconsin, and it appeared that it had been incorporated under the laws of that state. It was insisted that there was a failure of jurisdiction, because the same corporation had also been chartered under the laws of Illinois, of which state the plaintiff was also a citizen. But the court said: "The answer to this position is obvious. In Wisconsin the laws of Illinois have no operation. The defendant is a corporation, and as such a citizen of Wisconsin, by the laws of that state. It is not *there* a citizen or corporation of any other state." In other words, as I understand this ruling, it was held that inasmuch as a distinct and separate corporation had been organized under the laws of Wisconsin alone, it was a corporation of that state, and suable as such, notwithstanding the fact that the same incorporation, under the same corporate name, may have been chartered as a corporation under the laws of another state.

But that is not the present case. Here the corporation defendant was not formed under the laws of a single state, but under the laws of two states and by a consolidation, as already explained. The consolidated company cannot point to the laws of either state as the source of its being. It cannot show that it has a legal corporate existence without invoking the statutes of both states, and proceeding in conformity thereto. It cannot claim to be a citizen of each of said states, because, by the law of Kansas, under which the consolidation must have taken place, the several companies were authorized "to consolidate and form *one* company," so that the consolidated company must be regarded as a unit. Besides, as already stated, the presumption that the stockholders are citizens of Kansas, which is the indispensable basis of the claim that the consolidated corporation is a citizen of that state, cannot be allowed for the reasons already stated. This case is also unlike those in which a corporation of one state is authorized to sell, assign, and transfer its property and franchises to a corporation in another state. In such cases the

two corporations are merged into one, and that one is the corporation which purchases the property and franchises of the other. *Antelope Co.* v. *Chicago, B. & Q. Ry. Co.* 4 McCrary, 46; S. C. 16 FED. REP. 295.

The case of *Railroad Co.* v. *Wheeler, supra,* is analogous to the one now before the court, and the ruling therein seems to us conclusive of the present question. That was a suit brought in the circuit court of the United States for the district of Indiana against Wheeler, who was a citizen of that state; and the declaration stated that the plaintiff was "a corporation created by the laws of the states of Indiana and Ohio, having its principal place of business in Cincinnati, in the state of Ohio," and that it was a citizen of the state of Ohio. The court held that a suit in the corporate name must be regarded as, in contemplation of law, the suit of the individuals composing the corporation, and that, therefore, the action in that case was to be regarded and treated as a suit in which citizens of Ohio and Indiana were joined as plaintiffs in an action against a citizen of the last-named state. "Such an action," said the court, "cannot be maintained in a court of the United States, where jurisdiction of the case depends altogether on the citizenship of the parties. And in such a suit it can make no difference whether the plaintiffs sue in their own proper names or by the corporate name and style by which they are described." And the court further said: "The averments of the declaration would seem to imply that the plaintiff claims to have been created a corporate body, and to have been indued with the capacities and faculties it possesses by the co-operating legislation of the two states, and to be one and the same legal being in both states. If this were the case, it would not affect the question of jurisdiction in this court." The conclusion announced was that, as the plaintiff corporation was composed of citizens of Ohio and Indiana, it could not maintain a suit in a federal court upon the ground of citizenship alone against a citizen of either of those states.

For these reasons we conclude that the case should be remanded to the state court; and it is accordingly so ordered.