WEED et al. v. CENTRE & C. ST. RY. CO.

(Circuit Court, W. D. Pennsylvania. July 20, 1904.)

1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—DISTRICT OF RESIDENCE OF CORPORATIONS.

Under section 1 of the judiciary act of August 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], which restricts the jurisdiction of federal courts, when based on diversity of citizenship, to the district of the residence of either the plaintiff or defendant, a Pennsylvania corporation which has filed with the Auditor General of the state a certificate designating its office and place of business, pursuant to Act Pa. June 7, 1879

¶ 1. Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

See Courts, vol. 13, Cent. Dig. § 814.

(P. L. 112), must be deemed a resident of the federal district within which such place is situated, and cannot be sued in another district of the state, although its operations may extend into such district.

On Motion by Defendant to Strike Off Service.

A. M. Imbrie, for plaintiffs.

Krebs & Liveright, for defendant.

BUFFINGTON, District Judge. This is a motion to strike off service of a summons on the ground the court is without jurisdiction or authority to issue the process served. The plaintiffs are citizens of Connecticut; the defendant, a corporation chartered by the state of Pennsylvania. On February 23, 1903, the latter, in pursuance of a resolution of its board of directors, and in compliance with the statute of June 7, 1879 (P. L. 112), filed with the Auditor General of the state a certificate that its office and place of business was Phillipsburg, Centre county. That county is in the Middle District of Pennsylvania, and, while the street railway which defendant operates extends from Phillipsburg into Clearfield county, which is in the Western District of Pennsylvania, the petition alleges the company has no office or place of business other than Phillipsburg; that all its business is there managed, directed, and transacted; and that the president resides there. The summons was served in Clearfield county on the vice president, who resides there. Under these facts, the defendant alleges it cannot be sued in the Western District, that this court is without jurisdiction to issue process, and that service thereof which was made as aforesaid should be set aside. In view of the statute of Pennsylvania above cited, as also that of May 14, 1889, § 12 (P. L. 216), providing for the location of an office for street railways, the resolution of the board providing for the establishment and maintenance of such office at Phillipsburg, and the facts shown, we are of opinion the actual and legal residence of this company is that place. Thorn v. Central Railroad Company, 26 N. J. Law, 121. Since the fact that a corporation does business in a state other than that of its creation does not affect its residence status (Pacific Railroad v. Missouri Pacific Railroad Company [C. C.] 23 Fed. 565), it would seem to follow that, if the legal residence of a corporation is in one federal district of a state, such status is not changed because its operations extend into another district of such state. Now the act of Congress of August 13, 1888, c. 866, 25 Stat. 433, Rev. St. § 629 [U. S. Comp. St. 1901, p. 508], recites that where, as here, "the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." In view of this express provision, and of the fact that the residence of neither party to this suit is in the Western District of Pennsylvania, we are of opinion it cannot be maintained in that district. This holding is in accord with Shaw v. Quincy Mining Company, 145 U. S. 449, 12 Sup. Ct. 935, 36 L. Ed. 768, where it is said:

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed

as giving jurisdiction, by reason of citizenship, to a Circuit Court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides within the state of which he is a citizen, and that this act, therefore, having taken away the alternative, permitted in the earlier acts, of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident. In the case of a corporation, the reasons are, to say the least, quite as strong for holding that it can sue and be sued only in the state and district in which it has been incorporated, as in the state of which the other party is a citizen."

The motion to strike off the service is made absolute.