PAUL v. BALTIMORE & O. & C. R. Co.

*(Circuit Court, D. Indiana.   December 11, 1890.)*

REMOVAL OF CAUSES—CITIZENSHIP—CORPORATIONS—CONSOLIDATION.

    Notwithstanding the consolidation of two railroad corporations of different states, each retains its identity as a corporation of the state in which it was originally created: and in a suit against the consolidated corporation brought in one o such states, it cannot obtain a removal to the federal courts on the ground that it is a citizen of the other state, though the consolidation was had under the laws of the latter.

At Law.   Motion to remand.
*Penfield & Blatner* and *R. W. McBride*, for plaintiff.
*J. H. Collins*, for defendant.

WOODS, J.   The petition for removal was on the ground of local prejudice.   It is alleged that the plaintiff is a citizen of Indiana, and the defendant a corporation organized under the laws of Ohio, and therefore a citizen of that state.   In the motion to remand it is averred, and the averment is supported by affidavit, that the defendant company is a citizen both of the state of Ohio and of the state of Indiana, duly formed by the consolidation (in 1876) pursuant to the laws of the states of Ohio and Indiana, of two several railroad corporations,—one of the state of Ohio, known as the Baltimore, Pittsburgh & Chicago Railway Company, Ohio Division, and the other of Indiana, known as the Baltimore, Pittsburgh & Chicago Railway Company, Indiana Division,—and that said consolidated corporation is the sole defendant herein.   Counsel for the defendant in his brief says:

"It is conceded that the Baltimore, Pittsburgh & Chicago Railroad Company, Indiana Division, was an Indiana corporation, and that the Baltimore, Pittsburgh & Chicago Railroad Company, Ohio Division, was an Ohio corporation.   Had an attempt been made to remove this case while the corporations were in that condition, the case would have come under the decision of *Railroad Co.* v. *Wheeler*, 1 Black, 286.   In that case the Ohio & Mississippi Railroad Company was a corporation of Indiana and also a corporation of Ohio, precisely as the Baltimore, Pittsburgh & Chicago Railroad Company was originally a corporation both of Indiana and Ohio.   But this consolidation was made under what is now section 3971 of the Revised Statutes of Indiana, and sections 3379 to 3392, inclusive, of the Revised Statutes of Ohio.   In this connection it should be noted that section 3971 of the Revised Statutes of Indiana provides simply that any railroad company organized under the general or special law of the state 'shall have the power to intersect, join, and connect its railroad with any other railroad constructed or in process of construction in this state or in any adjoining state, at such point on the state line or at any other point as may be mutually agreed upon by said companies; and said railroad companies are authorized to merge and consolidate the stock of the respective companies, making one joint stock company of the two railroads thus connected, upon such terms as may be mutually agreed upon, in accordance with the laws of the adjoining state with whose road or roads connections are thus formed.'   It will thus be noted that the statute of the state of Indiana authorizes the consolidation to be made and

the corporation to be formed under the laws of the adjoining state, there being no law in Indiana providing for the incorporation of the consolidated company. Accordingly, this certificate of incorporation was executed under the sections of the Revised Statutes of Ohio, to which reference has hereinbefore been made; the certificate was made under these sections, the consolidation was made under these sections, and the contract of consolidation was executed in the state of Ohio. These sections make the consolidated railroad company to all intents and purposes a corporation organized under the laws of the state of Ohio. Such being the case, it is respectfully submitted that the Baltimore & Ohio & Chicago Railroad Company is an Ohio corporation. The case does not come under the case in 1 Black, above referred to, but does come under the case of *Railroad Co.* v. *Harris,* 12 Wall. 65."

Under the decision and opinion in *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.,* 136 U. S. 356, 10 Sup. Ct. Rep. 1004, it seems clear that notwithstanding the consolidation of the two companies "the separate identity of each as a corporation of the state in which it was created and as a citizen of that state" was not lost.

In *Muller* v. *Dows,* 94 U. S. 444, in respect to corporations of Missouri and Iowa, it is said:

"The two corporations became one, but in the state of Iowa that one was an Iowa corporation, existing under the laws of that state alone. The laws of Missouri had no operation in Iowa."

And in *Railroad Co.* v. *Whitton,* 13 Wall. 271, it is said:

"In Wisconsin the laws of Illinois have no operation. The defendant is a corporation, and as such a citizen of Wisconsin by the laws of that state. It is not there a corporation or citizen of any other state. Being there sued, it can only be brought into court as a citizen of that state, whatever its *status* or citizenship may be elsewhere."

See *Burger* v. *Railroad Co.,* 22 Fed. Rep. 561, and citations.

This suit, brought as it was in Indiana, was necessarily against the Indiana corporation, and the Ohio body, or the defendant describing itself as an Ohio body, of course had no right to ask a removal.

Though not made a ground of the motion to remand, it may be observed that the affidavit in support of the motion for removal is defective. It does not sufficiently show the existence of prejudice or local influence. *Malone* v. *Railroad Co.,* 35 Fed. Rep. 625; *Niblock* v. *Alexander, ante,* 306, (this court, filed December 10, 1890.) Motion to remand sustained.