## UNITED STATES NAT. BANK OF NEW YORK v. McNAIR.

(Circuit Court, E. D. North Carolina. April 10, 1893.)

1. JURISDICTION—ACTION BY INDORSEE OF PROMISSORY NOTE—PLEADING—DEMURRER.

    If the citizenship of the original payee of a promissory note is material to jurisdiction of an action by an indorsee against the maker, the plaintiff must affirmatively plead it; and, if the record contain no allegation thereof, the court will, for the purpose of disposing of a demurrer to the complaint on the ground that the assignor could not have maintained suit, assume that the original parties to the note were, at the time of bringing the action, citizens of the same state.

**2. SAME—RIGHT OF RECEIVER OF NATIONAL BANK TO SUE—ASSIGNEE BY OPERATION OF LAW.**

By the judiciary act of March 3, 1887, as corrected by the act of August 13, 1888, it is provided that no federal court shall have cognizance of any suit on a promissory note by an assignee thereof unless such suit might have been prosecuted in such court if no assignment or transfer had been made. Action was begun in the circuit court in North Carolina, by a citizen of New York against a citizen of North Carolina, on a promissory note made to the cashier of a national bank, which was also a citizen of the latter state. The note had been indorsed to the plaintiff, and after indorsement the bank became insolvent, and a receiver was appointed. Plaintiff contended that suit could have been brought on the note by the receiver had no assignment been made, and that the court therefore had jurisdiction. *Held*, that the receiver would himself have been an assignee of the note, although the assignment would have been effected by operation of law, and that, as the bank could not have brought suit on the note in the circuit court, the court had no jurisdiction.

**3. SAME—CONSTRUCTION OF STATUTE.**

Under the above statute no suit can be maintained on a promissory note by an assignee unless such suit could have been maintained by the original payee thereof.

At Law. Action by the United States National Bank of New York against S. P. McNair to recover the amount of a promissory note. On demurrer to complaint. Sustained, and action dismissed.

Ricaud & Weill, for plaintiff.
Du Brutz Cutler and Geo. Rountree, for defendant.

SEYMOUR, District Judge. Suit is brought on a promissory note made by defendant to the cashier of the First National Bank of Wilmington. The note was, before maturity, indorsed to the cashier of plaintiff, the United States National Bank of New York. After such indorsement the Wilmington bank became insolvent, and a receiver of such bank was duly appointed by the comptroller of the currency. The complaint avers that plaintiff was at the commencement of this action, and still is, a citizen and resident of the state of New York, and that defendant is a citizen of North Carolina, but no averment is made respecting the citizenship of the First National Bank of Wilmington or of its cashier. If the citizenship of the original payee is material to the jurisdiction of the court, it is essential to plaintiff's case to make it affirmatively appear upon the record. Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. Rep. 912, and cases there cited. Not so appearing, it is proper to discuss the case, sub lite, as if it did appear that the original parties to the note for whose contents this suit is brought were, at time of bringing the action, citizens of the same state. Such is the assumption of the defendant's demurrer, as appears below.

Defendant demurs to the complaint upon the ground "that the suit is brought by the assignee of a promissory note to recover the contents thereof when the assignor thereof, being a resident of the same state as the defendant, could not have maintained a suit thereon if said assignment had not been made." The demurrer raises a question of jurisdiction depending upon the construction of the fourth clause of section 1 of the act of March 3,

1887, as amended by that of August 13, 1888, which reads as follows:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or other subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

The act of 1887 repeals that part of the act of March 3, 1875, which excepted notes and bills of exchange generally from the excluding clause of the judiciary act, and restored, in that respect, such act. The judiciary act of September 24, 1789, (Rev. St. § 629, cl. 1,) gives to the circuit court original jurisdiction of all suits involving the value of $500 and upwards between citizens of different states: "provided, that no circuit court shall have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange."

It is evident from a reading of the statute that plaintiff, being the assignee of a promissory note made by a citizen of North Carolina to another citizen of the same state, cannot maintain this action unless it could have been maintained had the note never been assigned. The contention of plaintiff is that a suit could have been brought on the note by the receiver of the Wilmington bank had so assignment of it been made. The argument assumes that the receiver would not in such case have been assignee of the note, but would have held it in some other way; for it is plain that if the note would, had it not been previously assigned by the Wilmington bank, have come to the receiver's hands "by assignment or transfer," then the case does not, as plaintiff contends it does, arise of an action on an assigned promissory note, which could have been maintained had there been no assignment. There would have been an assignment,—the assignment of the bank's assets,—which would, had it not been previously transferred, have included the paper now in litigation. But the assumption underlying plaintiff's theory is not in accordance with the books. A receiver is, by virtue of his appointment, assignee of the choses in action of the debtor, and can sue for them in his own name. High, Rec. § 443. The receiver of a national bank appointed by the comptroller of the currency is the statutory assignee of the association. Kennedy v. Gibson, 8 Wall. 498-506. It is true that the assignment to the receiver was by operation of law, and not by act of the parties, and that it has been adjudged by the supreme court that the eleventh section of the judiciary act, supra, does not apply to administrators and executors, who may, perhaps, be looked upon as assignees by operation of law. Chappedelaine v. Dechenaux, 4 Cranch, 306; Childress v. Emory, 8 Wheat. 642. Any inference in favor of the position that a receiver is not an assignee, within the meaning of the act,

is answered by the case of Sere v. Pitot, 6 Cranch, 332, which holds
that a general assignee of the effects of an insolvent cannot sue
in the federal court, if his assignor could not have sued in these
courts. Marshall, C. J., delivering the opinion of the court, says:

"The circumstance that the assignment was made by operation of law,
and not by the act of the party, might probably take the case out of the
policy of the act, but not out of its letter and meaning. The legislature
has made no exception in favor of assignments so made. It is still a suit
to recover a chose in action in favor of an assignee whose suit could not have
been prosecuted if no assignment had been made, and is therefore within
the very terms of the law. The case decided in 4 Cranch, 306, was a suit
brought by an administrator and a residuary legatee, who were both aliens.
The representatives of a deceased person are not usually designated by the
term 'assignees,' and are therefore not within the words of the act. That
case, therefore, is not deemed a full precedent for this."

In Sere v. Pitot, supra, the persons who brought the action
were appointed in pursuance of an application to the superior
court of the territory of Orleans upon the nomination of an in-
solvent firm, were styled "syndics for the creditors," and were
vested with the estate of the firm, not by any formal assign-
ment, but by the laws of the territory. Their position is there-
fore analogous to that of the receiver of a national bank, who
is also appointed and vested with the estate of his insolvent,
not by assignment of parties, but by the law of the land.

I have not deemed it essential to lay stress on the words, "or
transfer," inserted in the fourth clause of section 1 of the act of
1887, but not being in the corresponding section of the judiciary
act. They were evidently, however, used with the purpose of
enlarging the scope of the word "assignment," and of making
the clause cover every case in which title to negotiable papers,
whose contents might be the subject of a suit, should have be-
come vested in a third party, whether by act of the parties or
operation of law. I am therefore of the opinion that the plaintiff
cannot bring his suit within the terms of the act under discussion.

There is another view of the case, resting, it seems to me, both on
authority and reason, which is fatal to the jurisdiction of the
court. The exception to the jurisdiction of the federal courts over
controversies between citizens of different states, in as far as
it is material to this action, is in these words:

"Nor shall any circuit court have cognizance of any suit to recover the con-
tents of any promissory note in favor of any assignee unless such suit
might have been prosecuted in such court to recover the said contents if
no assignment had been made."

The contention of plaintiff necessarily involves the assump-
tion that, had the National Bank of Wilmington never assigned
the note in litigation, the receiver would have been entitled to
sue in the federal court, not as assignee, but in some other capacity,
—say, as agent of the bank and of its creditors. That being as-
sumed for the purpose of the argument, plaintiff's contention is
that he may sue in the federal court, because the suit might have
been prosecuted in such court by the receiver if the assignment
had not been made to himself. This is not the construction put
upon the sentence by the reported cases. In every instance in

which it is attempted to put the idea in other words it is assumed that the statute says that the assignee may sue in the federal court only in case the suit might have been brought there by the original payee had there been no assignment. That this is the obvious meaning of the clause is evident from the fact that such a construction is put upon it alike by judge, reporter, and codifier, when any of them have occasion to paraphrase it. The editor of the Supplement to the Revised Statutes of 1891, in his marginal syllabus, abridges it into the following words: "Suits by assignee not to be entertained unless assignor might have sued," etc. The reporter of Gibson v. Chew, 16 Pet. 315, gives as the headnote of that case:

"Under the eleventh section of the judiciary acts the indorsee of a negotiable promissory note cannot sue in the circuit court if the maker and payee were, at the time the action was brought, citizens of the same state."

In the first case arising under this clause—that of Turner v. Bank, 4 Dall. 8—Ellsworth, C. J., says it is necessary, where the defendant appears to be a citizen of one state, if the suit be on a promissory note by an assignee, to show that the original promisor is a citizen of some other state; and in the very late case of Parker v. Ormsby, 141 U. S. 81–84, 11 Sup. Ct. Rep. 912, Harlan, J., says:

"It was settled by many decisions under the act of 1789 that a circuit court of the United States had no jurisdiction of a suit brought against the maker by the assignee of a promissory note payable to order unless it appeared affirmatively that it could have been maintained in that court in the name of the original payee."

The same construction is given by Miller, J., in Bradley v. Rhines' Adm'rs, 8 Wall. 393–396, and by Strong, J., in Morgan's Ex'r v. Gay, 19 Wall. 81. While this construction of the section was not strictly essential to the decision of the court in any of the cases cited, the fact that such an interpretation has been so uniformly put upon the words of the clause is persuasive of the meaning that must have been in the minds of the legislators who adopted them.

The court holds:

First: That the receiver of the First National Bank of Wilmington possesses, and is entitled to sue upon, the choses in action of the bank by assignment or transfer, and that consequently plaintiff, who is assignee of a promissory note made between parties who, at the commencement of the action, were citizens of the same state, cannot bring this action to recover its contents in a federal court.

Second. That the true intent and meaning of the term, "unless such suit might have been prosecuted to recover the said contents if no assignment or transfer had been made," are set forth in the reason assigned by defendant for his demurrer, viz.: "The assignor, being a resident of the same state as the defendant, could not have maintained a suit thereon if such assignment had not been made."

Judgment may be entered dismissing the action for want of jurisdiction.