## STANDARD OIL CO v ARMBRUSTER

Ohio Appeals, 6th Dist, Williams Co
No 188. Decided Nov 3, 1930

Holliday, Grossman & McAfee, Cleveland, for Elwin C. Peck, Bryan, for Oil Co.

H. H. DeMuth, Russell V. Maxwell, and Charles E. Scott, all of Bryan, for Armbruster.

**RICHARDS, J.**

It is insisted that the order for kerosene which Armbruster undertook to give, never reached the company, and to sustain this contention it is said that Mrs. DeGroff, who was not employed by the company, was a mere intermediary made use of by Armbruster to communicate his order for kerosene to her husband, the company's agent. In view of the fact that this telephone was listed in the name of the company and the business of DeGroff required him to be on the road much of the time delivering kerosene and gasoline, during which time his wife was in the habit of receiving orders for kerosene and gasoline, all of which must have been known by the company, we think the jury was justified in finding that Mrs. DeGroff was not a mere intermediary employed by Armbruster but that she had implied authority to act for the company in receiving orders. In any event, she communicated to her husband, the agent of the company, that Armbruster desired fuel and without ascertaining whether the fuel which was desired was gasoline or kerosene, he filled the order by delivering gasoline and failed to inform the purchaser of that fact.

The receipt signed by the purchaser was in no sense a contract and was clearly open to explanation, and it was a question of fact for the jury to determine whether the purchaser was or was not guilty of negligence in signing it without discovering that it was for gasoline instead of kerosene. Counsel for the Standard Oil Company rely on Riggs v Standard Oil Co., 130 Fed., 190, in which it was held that a party who poured kerosene oil from a can on wood and kindling in a stove in which he knew there were live coals, and there was an explosion, was chargeable with negligence as a matter of law and would be precluded from recovery. That case differs in at least two material respects from the one at bar. That was a case in which the kerosene was poured directly onto burning coals, while in the case at bar it was poured into an opening existing for that purpose in a lantern which was lighted and, in addition to this, in the Riggs case there was an explosion and in the case at bar there was no explosion. Furthermore, the fire in the instant case did not occur while the lantern was being filled but after it had been filled and set down on the floor from four to six feet from the place where it had been filled. The case at bar is more like Catlin v Union Oil Co., 161 Pac., 29, 31 Cal. Ap., 597. In that case the fire resulted from a man filling a lighted lamp while he wore a miner's cap on which was a lighted miner's lamp, and it was held that the question of contributory negligence was one for the jury.

Following the latter line of authorities, this court holds that Armbruster was not guilty of such contributory negligence as a matter of law as to bar his recovery, but that the issue was one to be determined by

12

the jury under proper instructions.

It is urged that the trial court erred in its general charge in instructing the jury as follows:

"In this connection you will carefully ex-amine the evidence as to the circumstances of the delivery of the gasoline by the defendant's agent and the receiving of the same by the plaintiff. There has been introduced as evidence in the case a slip of paper known in the record as defendant's "exhibit No. 3." This slip of paper, as a matter of law in this case, has no significance as to any contractual relations that might exist or did exist at the time between the plaintiff and defendant. But it is for you to say, ladies and gentlemen, in considering this evidence and all the evidence and circumstances of the case, whether or not the plaintiff exercised ordinary care in receiving from the defendant said gasoline."

Exhibit 3 referred to in the charge, is the receipt for 125 gallons of gasoline, and the court was entirely correct in instructing the jury that the question for determination was whether the plaintiff exercised ordinary care in receiving from the defendant the gasoline. We are not entirely satisfied with the statement in this portion of the charge that the receipt had no significance as to any contractual relations which might exist between the parties, but the brief for the Standard Oil Company concedes that exhibit No. 3 had no significance as to any contractual relations.

We have examined all the other claimed errors but find none to the prejudice of the plaintiff in error, and the judgment will be affirmed.

WILLIAMS and LLOYD, JJ, concur.